[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} On January 10, 2001, plaintiffs-appellants Edward and Darla Dixon filed this lawsuit against defendant-appellees GMAC Mortgage Corp. ("GMAC") and Capstead, Inc. The Dixons alleged the following in their complaint: (1) that GMAC and Capstead had breached a mortgage contract by filing a foreclosure action; (2) that GMAC and Capstead had breached a repayment agreement; (3) that Capstead and GMAC had breached an oral contract; (4) that GMAC and Capstead had breached a contract by filing a supplemental complaint; and (5) that the Dixons had suffered emotional and mental distress. GMAC and Capstead filed an answer denying all of the allegations contained in the complaint and asserting that the complaint failed to state a claim upon which relief could be granted, that the action was barred by res judicata, and that the complaint was frivolous. On December 4, 2001, GMAC filed a motion to dismiss asserting that the Dixons' claims were barred by the doctrine of res judicata because all of the issues had been resolved in a prior foreclosure action brought by Capstead. On January 28, 2002, the trial court determined that res judicata applied and the court dismissed the claims against GMAC.
{¶ 3} The Dixons appeal the trial court's judgment dismissing their claims against GMAC. After due consideration, we find that we lack jurisdiction over this appeal.
{¶ 4} R.C. 2505.02 confers upon appellate courts jurisdiction over final orders.[1] An order is "final" if it "affects a substantial right in an action that in effect determines the action and prevents a judgment."[2]
{¶ 5} This case involves multiple claims and multiple parties. The trial court's dismissal of the Dixons' claims against GMAC is not a final appealable order because the claims remained pending against Capstead. When, as here, the trial court enters judgment as to fewer than all of the parties or all of the claims in a multi-party, multi-claim case, there is no jurisdiction to entertain an appeal from that judgment unless the trial court certifies, pursuant to Civ.R. 54(B), that "there is no just reason for delay." The trial court made no such certification in this case. Accordingly, we dismiss the appeal.
{¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Gorman and Sundermann, JJ.
[1] See Wisintainer v. Elcen Power Strut Co., 67 Ohio St.3d 352,354, 1993-Ohio-120, 617 N.E.2d 1136.
[2] See R.C. 2505.02(B)(1).